## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

DARRIAN DANIELS, # K-91046,      )
                                 )
              Plaintiff,          )
                                 )
       vs.                        )      Case No. 14-cv-1058-SMY
                                 )
THOMAS T. MEZO,                  )
RICHARD HARRINGTON,              )
SHANA BEBOUT,                    )
and UNKNOWN PARTIES,             )
                                 )
              Defendants.         )

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff, currently incarcerated at Pontiac Correctional Center ("Pontiac"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.   His claims arose while he was confined at Menard Correctional Center ("Menard").   Plaintiff is serving a life sentence for murder.   He claims that Defendants failed to protect him from an attack by his cellmate. Following that assault, Defendant Mezo himself beat Plaintiff while he was restrained in handcuffs.

In the complaint, Plaintiff explains that after he was placed in segregation at Menard in August 2013, Defendant Mezo and other unknown officers threatened to harm Plaintiff (Doc. 7, p. 5).  Plaintiff reported the threats to Defendant Harrington (who was the warden at that time) and to Intel/Internal Affairs.  Defendant Bebout[1] (Intel Officer) interviewed Plaintiff in reference to those threats, but became verbally hostile and took no action to protect Plaintiff from the

---

[1] This Defendant's surname was listed as "Rebout" on the docket sheet when the case was opened.  Upon further examination of the re-submitted complaint, it is apparent that the correct spelling is "Bebout." The Clerk shall be directed to make that correction.

officers (Doc. 7, p. 6).

On March 21, 2014, Defendant Mezo and other officers placed an unstable new cellmate into Plaintiff's cell.  This inmate had been housed in a one-man cell, but Defendant Mezo dragged him out of that cell and forced him into the cell with Plaintiff.  Plaintiff alleges that this inmate's unstable condition was known to the Menard administration.  Previously, Plaintiff had suffered an attack by a different unstable cellmate, who stabbed and seriously injured him.[2]  Plaintiff requested Defendant Mezo to move him away from this new cellmate because he feared for his safety, but Defendant Mezo refused (Doc. 7, p. 7).  Three days later, Plaintiff was attacked by the cellmate.  Plaintiff later received a disciplinary ticket for assault in connection with that incident.[3]

Plaintiff and the cellmate were taken to the prison hospital for a checkup after this attack/altercation.  While Plaintiff was in the holding cell waiting to be evaluated, Defendant Mezo threatened to "stump" (or possibly stomp) Plaintiff when they were away from the surveillance camera (Doc. 7, p. 8).  Other unknown officers issued unspecified threats.

On the way back to Plaintiff's cell, Defendant Mezo tried to push Plaintiff down the stairs.  When Plaintiff made it to the bottom of the stairs still upright, Defendant Mezo made him fall by pulling his handcuffed arms upward.  Defendant Mezo then started kicking Plaintiff and kneeing him in the head.  After a few minutes, Plaintiff was helped up, but Defendant Mezo began to choke him and banged his head on the wall until he almost passed out (Doc. 7, p. 9).  While this attack proceeded, an Unknown Officer (Lieutenant) looked on and did nothing to intervene.  Two inmates also witnessed the beating.  Plaintiff's neck, back, and arms were

---

[2] That incident is the subject of another pending case brought by Plaintiff, *Daniels v. Mitchell, et al.*, Case No. 13-cv-609-MJR-SCW (S.D. Ill.).

[3] Plaintiff does not raise any claims herein over the disciplinary ticket or any punishment he may have received.

injured.  He asserts that he never physically resisted any officers, and remained in handcuffs during the entire episode (Doc. 7, p. 10).

He seeks compensatory and punitive damages against all Defendants (Doc. 7, p. 11).

## Merits Review Pursuant to 28 U.S.C. § 1915A

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant.

Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated the following colorable federal causes of action, which shall receive further review:

**Count 1:**  Eighth Amendment claim against Defendant Bebout, for failing to take any protective measures after Plaintiff told her about the threats made against him by Defendant Mezo and other officers;

**Count 2:**  Eighth Amendment claim against Defendant Mezo for failing to protect Plaintiff from the cellmate who attacked him, and against Defendant Mezo and other Unknown Defendant(s) for purposely placing him at risk of harm by celling him with that unstable inmate;

**Count 3:**  Eighth Amendment excessive force claim against Defendant Mezo for beating Plaintiff, and against other Unknown Defendant(s) for watching the beating and failing to intervene.

However, Plaintiff has failed to state a claim upon which relief may be granted against former Warden Defendant Harrington, and he shall be dismissed from the action.  Plaintiff mentions Defendant Harrington only in connection with the August 2013 threats by Defendant Mezo, stating that he wrote the warden a letter complaining about the threats.  There is no indication that Defendant Harrington had any personal involvement in Defendant Bebout's interview of Plaintiff or her failure to take any action.  Although Defendant Harrington would have had supervisory authority over Defendant Bebout, that is not enough for liability to attach to him.  The doctrine of *respondeat superior* is not applicable to § 1983 actions.  *Sanville v.*

*McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001) (citations omitted).  Plaintiff's recitation of the facts does not suggest that Defendant Harrington was "personally responsible for the deprivation of a constitutional right."  *Id.*  Accordingly, he shall be dismissed from this action without prejudice.

## Count 1 – Failure to Protect from Assault by a Correctional Officer

The Eighth Amendment prohibition on cruel and unusual punishment forbids unnecessary and wanton infliction of pain, and punishment grossly disproportionate to the severity of the crime.  *Rhodes v. Chapman,* 452 U.S. 337, 346 (1981) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)).  Prison conditions that deprive inmates of basic human needs – food, medical care, sanitation, or physical safety – may violate the Eighth Amendment.  *Rhodes*, 452 U.S. at 346; s*ee also James v. Milwaukee Cnty.*, 956 F.2d 696, 699 (7th Cir. 1992).  Here, of course, Plaintiff alleges that he had been the target of specific threats to his physical safety, issued by Defendant Mezo and other officers, and that Defendant Bebout was deliberately indifferent to the threats (which were ultimately carried out).

In order to prevail on a conditions-of-confinement claim, a plaintiff must allege facts that, if true, would satisfy the objective and subjective components applicable to all Eighth Amendment claims.  *McNeil v. Lane*, 16 F.3d 123, 124 (7th Cir. 1994); *see also Wilson v. Seiter*, 501 U.S. 294, 302 (1991).  The objective analysis examines whether the conditions of confinement exceeded contemporary bounds of decency of a mature civilized society.  *Jackson v. Duckworth*, 955 F.2d 21, 22 (7th Cir. 1992).  The condition must result in unquestioned and serious deprivations of basic human needs or deprive inmates of the minimal civilized measure of life's necessities.  *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *accord Jamison-Bey v.*

*Thieret*, 867 F.2d 1046, 1048 (7th Cir. 1989); *Meriwether v. Faulkner*, 821 F.2d 408, 416 (7th Cir. 1987).

The subjective component of unconstitutional punishment focuses on the intent with which the acts or practices constituting the alleged punishment are inflicted; in other words, the state of mind of the defendant. *Jackson*, 955 F.2d at 22; *Wilson*, 501 U.S. at 298; *see also McNeil v. Lane,* 16 F.3d 123, 124 (7th Cir. 1994). The deliberate indifference standard is satisfied if the plaintiff shows that the prison official acted or failed to act despite the official's knowledge of a substantial risk of serious harm to the plaintiff's safety. *See, e.g.*, *Farmer v. Brennan*, 511 U.S. 825, 837, 842 (1994); *Wilson*, 501 U.S. at 303; *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *DelRaine v. Williford*, 32 F.3d 1024, 1032 (7th Cir. 1994). A failure of prison officials to act in such circumstances suggests that the officials actually want the prisoner to suffer the harm. *Jackson v. Duckworth*, 955 F.2d 21, 22 (7th Cir. 1992).

Prisoners should never face physical danger at the hands of the very prison officials who oversee their confinement. A threat by a guard to inflict physical harm on an inmate would satisfy the objective component of an Eighth Amendment claim. At the pleadings stage, Plaintiff has alleged that factor as well as the subjective component – deliberate indifference to the threat of harm, in the face of his request for protection. Thus, the claim against Defendant Bebout shall receive further consideration.

## Count 2 – Failure to Protect from Dangerous Inmate

Plaintiff's allegations against Defendant Mezo and the Unknown Officers who forced the unstable inmate into his cell encompass both a failure to protect him from a known threat, and a claim that Defendant Mezo and the others purposely placed the two prisoners together as a way of carrying out their earlier threats to bring harm to Plaintiff. Either scenario, if proven, would

violate the Eighth Amendment.

In *Farmer v. Brennan*, 511 U.S. 825 (1994), the Supreme Court held that "prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Id.* at 833 (internal citations omitted); *see also Pinkston v. Madry*, 440 F.3d 879, 889 (7th Cir. 2006). Not every harm caused by another inmate translates into constitutional liability for the corrections officers responsible for the prisoner's safety. *Farmer*, 511 U.S. at 834. In order for a plaintiff to succeed on a claim for failure to protect, he must show that he is incarcerated under conditions posing a substantial risk of serious harm, and that the defendants acted with "deliberate indifference" to that danger. *Id.*; *Pinkston*, 440 F.3d at 889. A plaintiff also must prove that prison officials were aware of a specific, impending, and substantial threat to his safety, often by showing that he complained to prison officials about a *specific* threat to his safety. *Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996). In other words, Defendants had to know that there was a substantial risk that those who attacked Plaintiff would do so, yet failed to take any action. *See Sanville v. McCaughtry*, 266 F.3d 724, 733-34 (7th Cir. 2001).

Plaintiff's allegation that he told Defendant Mezo about his fear that the unstable cellmate would harm him, and requested to be moved, may satisfy the deliberate indifference test. Likewise, Plaintiff may sustain his claim if he can establish that Defendant Mezo (and/or the other Unknown Defendants who had threatened him) intended to cause harm to Plaintiff by forcing the other inmate into his cell. Count 2 shall thus proceed for further review.

**Count 3 – Excessive Force and Failure to Intervene**

The intentional use of excessive force by prison guards against an inmate without penological justification constitutes cruel and unusual punishment in violation of the Eighth Amendment and is actionable under § 1983. *See Wilkins v. Gaddy*, 559 U.S. 34 (2010); *DeWalt*

*v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000).  An inmate must show that an assault occurred, and that "it was carried out 'maliciously and sadistically' rather than as part of 'a good-faith effort to maintain or restore discipline.'" *Wilkins*, 559 U.S. at 40 (citing *Hudson v. McMillian*, 503 U.S. 1, 6 (1992)).  Plaintiff has adequately pled these factors with reference to Defendant Mezo.

In addition, an officer who witnesses the improper use of force against a prisoner can be found equally liable under the Eighth Amendment.  *Byrd v. Brishke*, 466 F.2d 6, 11 (7th Cir. 1972) ("one who is given the badge of authority . . . may not ignore the duty imposed by his office and fail to stop other officers who summarily punish a third person in his presence or otherwise within his knowledge"); *see also Lanigan v. Vill. of E. Hazel Crest*, 110 F.3d 467, 477 (7th Cir. 1997); *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994) (collected cases); *Archie v. City of Racine*, 826 F.2d 480, 491 (7th Cir. 1987).  Plaintiff may thus proceed with Count 3 against the Unknown (John or Jane Doe) Defendant Officer(s) who witnessed the attack by Defendant Mezo, provided he is able to identify these Unknown Partie(s) through discovery.

**Disposition**

The Clerk is **DIRECTED** to correct Defendant Shana Rebout's name to Shana Bebout.

**DEFENDANT HARRINGTON** is **DISMISSED** without prejudice because the complaint fails to state a claim against him upon which relief may be granted.

The Clerk of Court shall prepare for Defendants **MEZO** and **BEBOUT**:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps

to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on the Unknown (John/Jane Doe) Defendants until such time as Plaintiff has identified them by name in a properly filed amended complaint.  Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Philip M. Frazier** for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge

Frazier for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: October 21, 2014**

s/ STACI M. YANDLE
United States District Judge