IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DARRIAN DANIELS, K91046, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:14-cv-01058-SMY-RJD |
| ) | |
| THOMAS T. MEZO, ) | |
| SHANA BEBOUT and ) | |
| UNKNOWN PARTY. ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

Before the Court is Defendant Shana Bebout's Motion for Summary Judgment (Doc. 50). Plaintiff Darrian Daniels filed a response (Doc. 54). For the following reasons, Defendant's motion is **DENIED**.

## **Background**

Plaintiff Darrian Daniels, an inmate with the Illinois Department of Corrections, filed this action asserting that his constitutional rights were violated in March 2014 while he was incarcerated at Menard Correctional Center ("Menard"). Specifically, Daniels alleges that Defendant Thomas Mezo and other unknown correctional officers subjected him to excessive force in violation of his Eighth Amendment rights. Daniels further alleges that Mezo and other unknown correctional officers violated his Eighth Amendment rights by placing him in a cell with a violent inmate, thereby causing him to be physically assaulted. Additionally, Daniels claims that he notified Defendant Shana Bebout of the threats made against him by Mezo and the other officers and that her failure to take corrective action violated his Eighth Amendment rights.

1

On March 21, 2014, Daniels was interviewed by Defendant Shana Bebout, an employee at the Menard Internal Affairs office (Doc. 51-1, p. 3, Doc. 51-3, pp. 1-2). Daniels had been receiving threats from correctional officer Thomas Mezo, and the interview was held to investigate Daniels' allegations regarding Mezo (Doc. 51-1, p. 3). During the interview, Daniels told Bebout that Mezo had made threatening remarks towards him (including that he was going to "beat his ass", Doc. 54, p. 3), was issuing him false disciplinary tickets and had threatened to keep him in the segregation unit indefinitely (Doc. 51-1, p. 3). Daniels also told Bebout that Mezo's actions were in retaliation for grievances and other lawsuits he had filed (Doc. 51-1, pp. 3-4).

The interview with Bebout did not go well, and Daniels was later issued a disciplinary report for "insolence" and "disobeying a direct order" (Doc. 51-3, p. 1). According to the disciplinary report, Daniels began to act in a belligerent and hostile manner during the interview. *Id.* Bebout ordered him to calm down, but he declined to do so. *Id.* Daniels was then escorted out of the Internal Affairs office and returned to his cell. *Id.*

That same day, Daniels received a new cellmate, Roderick Allen.[1] During his deposition, Daniels testified that Allen had a reputation for being mentally unstable, hostile and generally an unpleasant individual (Doc. 51-1, p. 6). After arriving in the cell, Allen began making threats toward Daniels and told Daniels that he was not supposed to have a cellmate. *Id.* Daniels complained about the cell assignment to Mezo, but Mezo declined to transfer either of the two. *Id.*

Tension between Daniels and Allen escalated and on March 24, 2014, Allen physically assaulted Daniels (Doc. 51-1, pp. 6-8). Daniels yelled out for help, and the two were escorted to

---

[1] Roderick Allen's housing placement summary indicates that he was assigned to Daniels' cell at 1:45 P.M. on March 21, 2014. (Doc. 51-7, p. 1). A letter attached to Daniel's response to Bebout's motion for summary judgment suggests that Allen was placed in the cell earlier in the day. (Doc. 54, p. 10).

2

the Menard Health Care Unit to be examined (Doc. 51-1, p. 7). At the health care unit, Mezo told Daniels that he was "tired of his shit" and that he was going to "stomp" him. *Id.* After Daniels was finished at the health care unit, he was escorted back to his cell by Mezo and at least two other correctional officers (Doc. 51-1, p. 8). When they arrived at Daniels' cell, Mezo and the other correctional officers physically assaulted him (Doc. 51-1, p. 9). The assault lasted for two to three minutes, after which Daniels was placed in the cell. *Id.* On April 17, 2014, Daniels was transferred from Menard to Pontiac Correctional Center.

## Discussion

Summary judgment is proper if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). When presented with a motion for summary judgment, the facts and all reasonable inferences are to be drawn in favor of the nonmoving party. *Kasten v. Saint-Gobain Performance Plastics Corp.,* 703 F.3d 966, 972 (7th Cir. 2012). At this stage of the litigation "the court has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994).

"A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 828, 114 S. Ct. 1970, 1974, 128 L. Ed. 2d 811 (1994). To establish a failure to protect claim, the plaintiff must demonstrate two elements. First, the plaintiff must show that that he "experienced, or was exposed to, a serious harm, [and] that there was a substantial risk beforehand that that serious harm might actually occur." *Brown v. Budz*, 398 F.3d 904, 910 (7th Cir. 2005). Second, the plaintiff must show that the defendants were deliberately indifferent to that risk. *Id*. at 913.

Daniels contends that Bebout's failure to take corrective action to mitigate the threat to him posed by Mezo constitutes deliberate indifference under the Eighth Amendment. Bebout argues that she is entitled to summary judgment because "[p]laintiff has no evidence that [she] had actual knowledge of any risk of harm to Plaintiff—let alone a serious and specific risk." However, Daniels testified at his deposition that he was given an Internal Affairs interview because he had written letters to the warden complaining of threats from Mezo. During the interview, Daniels told Bebout that Mezo had made threats of physical violence and was issuing him false disciplinary charges. Three days later, the threat materialized and Daniels was physically assaulted by Mezo in front of his cell in the segregation unit. This evidence is sufficient to present a question for the jury's determination as to whether Bebout was deliberately indifferent to a substantial risk of serious harm to Daniels.

Bebout also asserts that she is entitled to qualified immunity. "Officials are sheltered from suit, under a doctrine known as qualified immunity, when their conduct 'does not violate clearly established ... constitutional rights' a reasonable official, similarly situated, would have comprehended." *Wood v. Moss*, 134 S. Ct. 2056, 2061, 188 L. Ed. 2d 1039 (2014) (*quoting Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)). To determine whether a defendant is entitled to qualified immunity, courts apply a two pronged test. *Saucier v. Katz*, 533 U.S. 194, 201, 121 S. Ct. 2151, 2156, 150 L. Ed. 2d 272 (2001). The first prong is a question of whether; "[t]aken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" *Id*. The next prong is an inquiry as to "whether the right was clearly established." *Id*.

As previously noted, Daniels has presented sufficient evidence to establish that Bebout was deliberately indifferent to a substantial risk of serious harm, thereby violating his Eighth

4

Amendment rights. The question thus becomes whether that right was clearly established. Daniels presented evidence that he informed Bebout of a specific threat from a specific source. she failed to take action and the threat materialized. The Seventh Circuit has repeatedly held that such circumstances may form the basis of a failure to protect claim. *See, e.g., Brown v. Budz*, 398 F.3d 904, 912 (7th Cir. 2005); *Billman v. Indiana Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995). As such, Daniels' Eighth Amendment rights in this context were clearly established and qualified immunity is inapplicable. Accordingly, Defendant's Motion for Summary Judgment is denied.

    **IT IS SO ORDERED.**

    **DATED: March 28, 2017**

    **s/ Staci M. Yandle**
    **STACI M. YANDLE**
    **United States District Judge**