IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DARRIAN DANIELS, )
)
        Plaintiff, )
)
vs. ) Case No. 14-CV-1058-SMY-RJD
)
THOMAS T. MEZO, SHANA BEBOUT, )
and KEVIN E. REICHERT, )
)
        Defendants. )

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is before the Court on Defendant Kevin Reichert's Motion to Dismiss (Doc. 106). For the following reasons, the Motion is **DENIED**.

### Background

Plaintiff Darrian Daniels filed this lawsuit on October 1, 2014 pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights were violated while he was incarcerated at Menard Correctional Center ("Menard"). Daniels alleges that officers failed to protect him from an attack by his cellmate. He further alleges that soon after the attack, Officer Mezo pushed him down the stairs and beat him. Following threshold screening, Daniels was allowed to proceed on an Eighth Amendment failure to protect claim against Intel Officer Shana Bebout, Officer Thomas Mezo, and other Unknown Defendants, and an Eighth Amendment excessive force claim against Mezo and other Unknown Defendants.

Daniels filed a Second Amended Complaint on September 8, 2017, adding a failure to protect claim against Kevin Reichert, a lieutenant in the internal affairs unit at Menard at the relevant time. Daniels alleges that he was interviewed by Bebout concerning harassment and

threats made by Mezo on March 21, 2014.  Bebout advised Reichert of the interview, as he was responsible for addressing claims related to staff abuse.  Daniels alleges that Reichert failed to investigate Daniels' concerns about Mezo.  He also alleges that a few hours later, Mezo placed Daniels with an unstable inmate who attacked him and, a few days later, Mezo attacked Daniels himself.

Defendant Reichert filed the instant Motion to Dismiss, arguing that the claims against him are time barred by the statute of limitations (Doc. 106).  Daniels opposes the motion, and contends that Defendant's conduct prevented him from bringing his claim sooner (Doc. 113).

## Discussion

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal if a Complaint fails to state a claim upon which relief can be granted.  In considering a motion to dismiss, the Court accepts as true all well-pleaded allegations in the Complaint and draws all possible inferences in favor of the plaintiff.  *See Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007) (quotations omitted).  A motion to dismiss on the basis of a statute of limitations defense is appropriate if there is a clear time-bar.  *Ennenga v. Starns*, 677 F.3d 766, 773 (7th Cir. 2012).

Although Section 1983 does not contain an express statute of limitations, the limitations and tolling laws in the state where the alleged injury occurred are applied.  *Wilson v. Giesen*, 956 F.2d 738, 740 (7th Cir. 1992).  Illinois law prescribes that actions for personal injury must be commenced within two years after the cause of action accrued; thus, this case is governed by a two-year statute of limitations period.  735 ILCS § 5/13-202; *see Ashafa v. City of Chicago*, 146 F.3d 459, 461 (7th Cir. 1998) (citations omitted).

The parties do not dispute that Daniels' claims against Reichert accrued on March 24, 2014, when he alleges that he was assaulted by Defendant Mezo. Daniels made no allegations against Reichert until he sought leave to amend his Complaint on August 14, 2017. As such, Daniels' claim against Reichert accrued more than three years prior to him adding him as a defendant.

Although Daniels acknowledges that more than two years passed before he named Reichert as a defendant, he asserts that the doctrines of equitable tolling or equitable estoppel render his filing timely. Specifically, Daniels argues that he was unaware Reichert was involved in causing his injury until June 27, 2017, when his attorney deposed Bebout and learned that she had involved Reichert in her investigation of Daniels' claims against Mezo.

Soon thereafter, on July 31, 2017, Defendants produced an email string referring to the alleged use of force by Mezo, which included communications from Bebout, and a response by Reichert. Daniels maintains that this information should have been produced by Defendants in response to his discovery requests propounded in 2015. Daniels requested "all documents evidencing, mentioning, or referring to his excessive force and failure to protect claims, and all other documents" that related to the allegations in his Complaint. Defendants objected to Daniels' requests, but also indicated that no responsive documents had been identified.

Because Daniels sought documents that would have revealed Reichert's involvement in his constitutional claim prior to the expiration of the statute of limitations, the Court finds it appropriate to apply equitable tolling in this instance. Daniels has established his due diligence in seeking information relevant to the existence of his claim against Reichert. *Cada v. Baxter Healthcare Corporation*, 920 F.2d 446, 451 (7th Cir. 1990) (citation omitted). Daniels understood he had been injured, but was unable to obtain the evidence necessary to determine

that Reichert was liable in a timely manner. *See Billman v. Indiana Dep't of Corrections*, 56 F.3d 785, 789 (7th Cir. 1995).[1]

## Conclusion

For the foregoing reasons, Defendant Kevin Reichert's Motion to Dismiss (Doc. 106) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: February 13, 2018**

                                          **s/ Staci M. Yandle**
                                          **STACI M. YANDLE**
                                          **United States District Judge**

---

[1] Because Daniels has not provided sufficient evidence to demonstrate that Defendants "took active steps" to prevent Plaintiff from suing in time, such as intentionally hiding evidence or promising not to plead the statute of limitations, the doctrine of equitable estoppel is not applicable.