IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DARRIAN DANIELS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:14-cv-1058-SMY-RJD |
| | ) | |
| THOMAS T. MEZO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**DALY, Magistrate Judge:**

This matter is before the Court on Defendants' Motion to Enforce Subpoena and Compel Production of Documents (Doc. 133). For the reasons set forth below, the Motion is **DENIED**.

Plaintiff Darrian Daniels, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this lawsuit pursuant to 42 U.S.C. §1983 alleging Defendants Bebout and Mezo failed to protect him from an attack by his cellmate. Plaintiff also alleges Defendant Mezo used excessive force against him.

On June 21, 2018, Defendants filed the motion to enforce now before the Court. Defendants ask the Court to enforce the subpoena served on the John Howard Association ("JHA") on November 29, 2017. Specifically, Defendants ask the Court to compel JHA to produce documents responsive to their request for "Any letters, reports, or conduct complaints related to Correctional Officer Thomas Mezo assaulting Illinois Department of Corrections inmate Darrian Daniels #K91046 on or about March 24, 2014 at Menard Correctional Center as referenced in the e-mail sent by Gwyneth Troyer to Kimberly Butler, former Warden at Menard Correctional Center." Attached to the subpoena was a copy of the email at issue. JHA

responded to Defendants' subpoena on December 13, 2017 and produced the April 2014 email from Ms. Troyer, as well as a spreadsheet printout containing summaries of correspondence it received in April 2014 from Plaintiff and another Menard inmate. Ms. Troyer was also deposed on December 20, 2017. JHA contends that the only outstanding issue regarding the subpoena concerns the identity of the other Menard inmate. JHA asserts that not only is this information protected, Defendants' motion was procedurally deficient.

Rule 37(a) requires parties to make a good faith effort to meet and confer prior to seeking an order compelling disclosure or discovery. A party filing a motion to compel must provide a certification of their efforts along with their motion. FED. R. CIV. P. 37(a)(1). Here, Defendants failed to include any such certification. Defendants have also failed to refute JHA's claim that the motion at hand was filed without any warning or conferral, more than six months after JHA had responded to Defendants' subpoena. Accordingly, the Court finds Defendants' motion to be procedurally improper. Moreover, discovery in this matter closed on June 13, 2018, prior to the filing of Defendants' motion. Thus, even if the Court ordered JHA to provide the name of the unidentified inmate (which it is not inclined to do), it is not clear how such disclosure would have any impact on Defendants' discovery efforts. For these reasons, Defendants' Motion is **DENIED**.

**IT IS SO ORDERED.**

**DATED: July 30, 2018**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**