IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DARRIAN DANIELS,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:14-cv-01058-SMY-RJD |
| | ) |
| **THOMAS T. MEZO, et al.** | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Before the Court is Defendant Kevin Reichert's Motion for Summary Judgment (Doc. 131). Plaintiff Darrian Daniels filed a Response (Doc. 141) and Reichert filed a Reply (Doc. 142). For the following reasons, Defendant's motion is **DENIED**.

Plaintiff Darrian Daniels, an inmate with the Illinois Department of Corrections, filed this action claiming that his constitutional rights were violated in March 2014 while he was incarcerated at Menard Correctional Center ("Menard"). Specifically, Daniels alleges that Defendant Thomas Mezo and other unknown correctional officers subjected him to excessive force in violation of his Eighth Amendment rights. Daniels further alleges that Mezo and other unknown correctional officers violated his Eighth Amendment rights by placing him in a cell with a violent inmate, thereby causing him to be physically assaulted. Additionally, Daniels claims that he notified Defendant Shana Bebout about the threats made against him by Mezo and the other officers, and that her failure to take corrective action violated the Eighth Amendment.

On September 8, 2017, Daniels filed a Second Amended Complaint (Doc. 92) which added a claim against Defendant Kevin Reichert for failure to protect Daniels from Officer Mezo. Daniels alleges Reichert was aware that Mezo posed a substantial risk of harm to him, but failed to act on it.

**Factual Background**

In March 2014, Defendant Reichert was employed by the Illinois Department of Corrections ("IDOC") as internal affairs lieutenant at Menard.[1] He was responsible for overseeing the other staff members in the Internal Affairs Unit, assigning staff members to conduct interviews, and other duties as assigned by his superiors. On March 14, 2014, Reichert received an e-mail from Julie Eggemeyer, secretary to the warden at Menard, relaying a message from an individual identified as Catina Taylor:

> Im writing n regards to inmate [Daniels] ... inmate statea he is being harressed by the guards and nothing is being done about it!! Inmate states that glass is being put n his food & was harassed by a officer by the name of mezo. Inmate also state he is n seg for 6months for sumthing a female nurse lied & said he did...please investigate this matter..thank u. (Doc. 132-1 at 4).

The e-mail requests a "suggested response" from Reichert within 13 days. Reichert interpreted the e-mail as the warden directing the Menard Internal Affairs Unit to inquire into the claims in the email.

Reichert assigned Defendant Shana Bebout, an internal affairs officer, to interview Daniels concerning the claims in Ms. Taylor's message. Bebout interviewed Daniels on March 21, 2014 and it did not go well. Bebout summarized her meeting in an e-mail that day, stating that Daniels admitted he had been given three direct orders to come to the "chuck hole" to have restraints put on before his adjustment committee hearing. Bebout therefore concluded that the "allegations are not substantiated." (Doc. 132-1 at 5). She also stated that Daniels was "very belligerent and hostile" during the interview, which led her to terminate the meeting. Bebout stated in her e-mail that Daniels kicked a chair and called her several vulgar names.

---

[1] Unless otherwise noted, all factual statements are culled from the statement of undisputed material facts incorporated into Reichert's Memorandum (Doc. 132) and admitted by Daniels in his Response (Doc. 141).

Based on the information he received from Bebout, Reichert responded to Ms. Eggemeyer that the allegations in Ms. Taylor's message were "unsubstantiated." (Id.). During his deposition, Reichert testified he was "sure Officer Bebout told [him] the story" in person, but that he does not recall it. (Doc. 141-6 at 5-6). Bebout similarly testified that she reported the contents of her interview summary to Reichert in person and would have answered any of his questions, although she did not recall whether he had any. (Doc. 141-4 at 4). Reichert never interviewed Daniels.

Daniels claims that he was subsequently attacked by his cellmate and Officer Mezo on March 24, 2014. Reichert maintains that his only prior knowledge of any allegations relating to Daniels came from Ms. Eggemeyer's e-mail, Bebout's post-interview e-mail, and "any information Officer Bebout may have provided to [Reichert] in-person." (Doc 132-1 at ¶ 7).

**Discussion**

Summary judgment is proper if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). When considering a motion for summary judgment, the Court must consider the facts and draw all reasonable inferences in favor of the nonmoving party. *Kasten v. Saint-Gobain Performance Plastics Corp.,* 703 F.3d 966, 972 (7th Cir. 2012). At this stage of the litigation, "the court has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994).

"A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). In order to succeed on a failure to protect claim, the plaintiff must establish two elements. First, the

plaintiff must show that that he "experienced, or was exposed to, a serious harm, [and] that there was a substantial risk beforehand that that serious harm might actually occur." *Brown v. Budz*, 398 F.3d 904, 910 (7th Cir. 2005). Second, the plaintiff must show that a defendant was deliberately indifferent to that risk. *Id*. at 913. "Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways[.]" *Farmer*, 511 U.S. at 842.

Deliberate indifference occurs "where an official realizes that a substantial risk of serious harm to a prisoner exists, but disregards it…. [and] may be found where an official knows about unconstitutional conduct and facilitates, approves, condones, or turns a blind eye to it." *Perez v. Fenoglio*, 792 F.3d 768, 781–82 (7th Cir. 2015) (citations omitted). "[R]equests for relief which have fallen on deaf ears may evidence deliberate indifference[.]" *Dixon v. Godinez*, 114 F.3d 640, 645 (7th Cir. 1997). On the other hand, "reasonable measures taken to avert known risks will insulate a prison official from Eighth Amendment liability, even if those measures proved unsuccessful." *Bagola v. Kindt*, 131 F.3d 632, 646 (7th Cir. 1997).

In this case, Daniels argues that Reichert received adequate warning that Mezo was a threat to him, and that Reichert's failure to take appropriate action to mitigate the threat constitutes deliberate indifference under the Eighth Amendment. Reichert contends that he was not aware of a substantial risk of harm to Daniels because the person he delegated to investigate (Bebout) told him the accusations were unsubstantiated. In other words, he acted reasonably in ordering Bebout to investigate and in relying on the resulting report.

Genuine issues of material fact remain as to whether Reichert had knowledge of a substantial risk of harm to Daniels, and whether his response (or lack thereof) to Ms. Taylor's warning constituted deliberate indifference. In her deposition, Bebout testified that prisoner

complaints regarding harassment or other misconduct were not within the scope of her job and would be passed to the lieutenant of internal affairs. (Doc. 141-4 at 3-4). She further testified, "once staff is involved, that's not…my investigation no more." (Id. at 6). This testimony creates a question for the jury as to what responsibility, if any, Reichert had to conduct additional investigation once Bebout informed him that Daniels' complaint involved a correctional officer, and whether Reichert's decision not to further investigate constitutes deliberate indifference. Thus, summary judgment is inappropriate.

Reichert also asserts that he is entitled to qualified immunity. "Officials are sheltered from suit, under a doctrine known as qualified immunity, when their conduct 'does not violate clearly established ... constitutional rights' a reasonable official, similarly situated, would have comprehended." *Wood v. Moss*, 134 S. Ct. 2056, 2061, 188 L. Ed. 2d 1039 (2014) (*quoting Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)). In determining whether a defendant is entitled to qualified immunity, courts must answer two questions: (1) whether "[t]aken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right…" and if so (2) "whether the right was clearly established." *Saucier v. Katz*, 533 U.S. 194, 201 (2001).

Daniels presents evidence that Reichert was given information of an adequately specific threat from a specific source, that he failed to take action, and that the potential harm became actual harm. The Seventh Circuit has repeatedly held that such circumstances may form the basis of a failure to protect claim. *See, e.g., Brown v. Budz*, 398 F.3d 904, 912 (7th Cir. 2005); *Billman v. Indiana Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995). As such, Daniels' Eighth Amendment rights in this context were clearly established and qualified immunity is inapplicable.

For the foregoing reasons, Defendant Kevin Reichert's Motion for Summary Judgment (Doc. 131) is **DENIED.**

**IT IS SO ORDERED.**

**DATED:  September 12, 2018**

<u>**s/ Staci M. Yandle**</u>
**STACI M. YANDLE**
**United States District Judge**
