## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **DARRIAN DANIELS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 14-CV-1058-SMY-RJD** |
| | ) | |
| **THOMAS T. MEZO, SHANA BEBOUT,** | ) | |
| **and KEVIN E. REICHERT,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter comes before the Court on Defendants' Bill of Costs (Doc. 198) to which Plaintiff has objected (Doc. 207). Also pending are Plaintiff's motions for reconsideration (Doc. 208) and for status (Doc. 209).

### Background

At the time of the events relevant to this case, Plaintiff Darrian Daniels was housed at Menard Correctional Center where Defendants were employed as correctional staff. He filed a Complaint pursuant to 42 U.S.C. § 1983, alleging violations of his Eighth Amendment rights. He was permitted to proceed *in forma pauperis* (Doc. 9) and was recruited counsel (Doc. 63). After a two-day trial, a jury returned a verdict in favor on Defendants and against Plaintiff on his claims of excessive force and failure to protect. Judgment was entered on December 5, 2018 (Doc. 195). Shortly thereafter, Plaintiff's appointed counsel was permitted to withdraw pursuant to Local Rules 83.1(g) and 83.10.

Defendants' Bill of Costs seeks reimbursement of $1,382.54 in costs incurred in taking 8 depositions, including Plaintiff's, Defendants', and witnesses William Spiller, Susan M. Hill,

Gwyneth Troyer, and Marcus Hunter. For his objection, Plaintiff states that $1,382,54 is a significant sum and that his only income while incarcerated is from family. Plaintiff did not attached an updated trust fund account summary supporting his claim that he is currently indigent. However, an affidavit filed along with the Complaint reveals that Plaintiff has no income (Doc. 2) and that the only credit to his Trust Fund account for a 6 month period was $100.00 (Doc. 8).

For his Motion for Reconsideration, Plaintiff seeks reconsideration of the Order releasing his recruited counsel from further representing him in this matter. Finally, Plaintiff's Motion for Status states that he did not receive a copy of his objections to the Bill of Costs and that he is otherwise being abused by staff at the Menard Correctional Center.

## Discussion

Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." Ordinarily the Clerk of Court taxes costs in favor of the prevailing party on 14 days' notice. Fed. R. Civ. P. 54(d)(1). Those costs may include:

> (1) Fees of the clerk and marshal; (2) Fees for printed and electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. The Court presumes that a prevailing party is entitled to costs as a matter of course but has the discretion to deny or reduce costs where warranted – including based on the indigency of the non-prevailing party. *Krocka v. City of Chicago*, 203 F.3d 507, 518 (7th Cir. 2000); *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987).

To deny a bill of costs on the grounds of indigency, "the district court must make a threshold factual finding that the losing party is 'incapable of paying the court-imposed costs at this time or in the future.'" *Rivera v. City of Chi.*, 469 F.3d 631, 635 (7th Cir. 2006) (quoting *McGill v. Faulkner*, 18 F.3d 456, 459 (7th Cir. 1994)). The losing party carries the burden of providing the court with "sufficient documentation to support such a finding." *Rivera*, 469 F.3d at 635 (internal quotations omitted). "This documentation should include evidence in the form of an affidavit or other documentary evidence of both income and assets, as well as a schedule of expenses." *Id*. After a threshold finding of indigence, the district court then considers "the amount of costs, the good faith of the losing party, and the closeness and difficulty of the issues raised by a case." *Id.* at 635-36.

In this case, Plaintiff filed a motion to proceed in forma pauperis on October 1, 2014 (Doc. 2), which this Court granted on October 15, 2014 (Doc. 9). Given Plaintiff's ongoing incarceration, there is no reasonable basis to conclude that his financial condition has changed in any meaningful way in the last four-and-a-half years. Thus, the affidavits and Trust Fund Account Statement that Plaintiff filed in 2014 to support his *IFP* status sufficiently establish that he is indeed indigent and incapable of paying the requested costs now or in the future.

Additionally, although Plaintiff was unsuccessful on his claims against Defendants, his claims were not frivolous. Plaintiff had a good faith basis for bringing and prosecuting his lawsuit. Accordingly, Defendant's Bill of Costs (Doc. 198) is **DENIED**.

Plaintiff's Motion for Reconsideration (Doc. 208) is **DENIED**. The Federal Rules of Civil Procedure do not recognize "Motions to Reconsider." Plaintiff has offered no reason why this Court should reconsider its Order releasing his recruited counsel from further representation as outlined in Local Rule 83.10.

Finally, Plaintiff's Motion for Status (Doc. 209) is **MOOT** in light of the above rulings. To the extent that Plaintiff believes that his rights are being violated by employees at Menard Correctional Center, he should seek relief through the prison's administrative process or by filing an additional lawsuit. Plaintiff cannot seek such relief through a Motion for Status in a case in which judgment has been entered.

**IT IS SO ORDERED.**

**DATED: April 2, 2019**

**STACI M. YANDLE**
**United States District Judge**